IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-BNB

DIANA SLADEK, and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, NA,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

    Defendants.

ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

    Plaintiffs have filed a Complaint (ECF No. 1) *pro se*. The court must construe the Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file an amended complaint if they wish to pursue their claims in this action.

    The court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief.

*See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs' claims stem from a foreclosure action initiated against them in Colorado state court pursuant to § 38-38-101 of the Colorado Revised Statutes.  Plaintiffs do not allege when the foreclosure proceedings were initiated or whether any proceedings relevant to the foreclosure remain pending in state court.  Plaintiffs assert a variety of federal and state claims challenging the constitutionality of Colo. Rev. Stat. § 38-38-101 and the foreclosure proceedings.  As relief Plaintiffs seek compensatory and punitive damages and ask that the Court "nullify the foreclosure, declare the Colorado foreclosure statutes unconstitutional, [and] calculate Plaintiff Diana Sladek's payments to determine if she was current on her mortgage payments." (ECF No. 1 at 7.)

As an initial matter, Plaintiffs' claims may be barred by the *Rooker-Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.

*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  More specifically, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Even if Plaintiffs' claims are not barred, Plaintiffs fail to provide a short and plain statement of their claims showing that they are entitled to relief because they fail to provide a clear and concise statement of the specific facts that support each asserted claim.  In particular, Plaintiffs fail to allege what each Defendant did that allegedly violated their rights.  Plaintiffs also fail to allege facts that demonstrate all of the Defendants acted under color of state law.  To the extent Plaintiffs are asserting claims pursuant to § 1983, that statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Plaintiffs may assert their § 1983 claims only against persons who acted under color of state law.

For these reasons, Plaintiffs will be ordered to file an amended complaint that clarifies the claims they are asserting. For each claim Plaintiffs assert in the amended complaint they "must explain what each defendant did to [them]; when the defendant did it; how the defendant's action harmed [them]; and, what specific legal right the plaintiff[s] believe[] the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Plaintiffs file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Plaintiffs shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiffs fail within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED November 19, 2013, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge