IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK, and
DENNIS SLADEK,

      Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
ROBERT J. ARONOWITZ,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

      Defendants.

---

## ORDER ON MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendants' Unopposed Motion to Stay Discovery Deadlines [filed June 20, 2014; docket #79]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #80].  The Plaintiffs do not oppose the motion, and the Court finds that oral argument would not assist the Court in its consideration of this matter.  For the reasons that follow, the Court **grants** the motion as follows.

## BACKGROUND

      On April 16, 2014, this Court granted the Plaintiffs' request to file a Second Amended Complaint [docket #42], which was filed April 25, 2014 [docket #52].  Essentially, Plaintiffs claim that Defendants violated the due process and equal protection clauses of the 5th and 14th Amendments, as well as the restraint of trade clause of Article I, Section 8 of the U.S. Constitution. *See* docket #52.  In addition, the Plaintiffs challenge the constitutionality of Colo. Rev. Stat. § 38-

38-101, *et seq.*, seek a calculation of mortgage payments and request an order nullifying the foreclosure of their former residence. *Id.* Defendant Mowle, El Paso County Trustee, responded to the Second Amended Complaint on May 8, 2014 by filing a motion to dismiss for lack of subject matter jurisdiction. *See* docket #54. The remaining Defendants filed a "joint" motion to dismiss asserting that the Court lacks subject matter jurisdiction and that the Plaintiffs fail to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). Docket #70.

In the present motion, the Defendants claim that a temporary stay pending resolution of the jurisdictional issues raised in their motions to dismiss is appropriate to avoid any undue burden and expense of discovery should they be summarily dismissed from the case. The Court agrees with the Defendants.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdensome expense of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case.  With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward.  Here, the Plaintiffs do not object to Defendants' request to stay discovery; thus, to the extent that Plaintiffs have any interest in proceeding expeditiously, the Court finds their interest is offset by Defendants' burden.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.  *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."  *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction).  On balance, the Court finds that any potential harm to Plaintiffs is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the motions to dismiss are pending.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position.  Defendants make no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings.

Therefore, weighing the factors necessary to consider whether to grant the requested stay,

3

the Court finds that a temporary stay of discovery is justified and will be imposed in this case.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Unopposed Motion to Stay Discovery Deadlines [filed June 20, 2014; docket #79] is **granted**. A temporary stay of discovery is hereby imposed pending resolution of the Defendants' motions to dismiss. The parties shall file a status report within five (5) days of any order resolving their motions to dismiss.

Dated at Denver, Colorado, this 24th day of June, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4