IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK, and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, NA,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Thomas Mowle's Motion to Dismiss Second Amended Complaint [filed May 8, 2014; docket #54]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C.COLO.LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is fully briefed, and the Court concludes oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully RECOMMENDS that the motion to dismiss be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

## BACKGROUND

Plaintiffs, proceeding *pro se*, initiated this action on November 14, 2013 against Aronwitz & Mecklenburg, Bank of America, N.A., MERS, Robert Aronowitz, and Thomas Mowle. (Docket #1.) Plaintiffs subsequently filed an Amended Complaint on December 19, 2013. (Docket #9.) Plaintiffs' claims against Defendant Mowle are as follows: (Claim 1) Due Process and Equal Protection Clause Violations of the 5th and 14th Amendments to the U.S. Constitution; (Claim 2) Violation of U.S. Const. art. 1, § 8, cl. 3.; (Claim 3) Constitutionality of a Statute; (Claim 5) Nullification of Foreclosure; (Claim 6) Negligence; (Claim 7) Negligent Infliction of Emotional Distress; and (Claim 8) Intentional Infliction of Emotional Distress.[2] Second Amended Complaint, Docket #52. Defendant Mowle filed the present motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) on May 8, 2014. (Docket #31.) Plaintiffs filed a response to the motion on June 2, 2014, (docket #73), and Defendant Mowle filed a reply in support of his motion on June 16, 2014  (docket #75).

The operative complaint seeks: (1) an order granting nullification of the foreclosure of Plaintiff's home; (2) a declaration that the Colorado foreclosure statute is unconstitutional; (3) a calculation of Diana Sladek's payments to determine whether she was current on her mortgage payments; and (4) an award of damages. Second Amended Complaint, docket #52 at 19. In support

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]Claims 4, 9, 10, and 11 are intentionally excluded as they do not apply to Defendant Mowle.

of these requests, Plaintiffs allege that Diana Sladek was the purchaser and co-owner of the property, and that Dennis Sladek is Diana's husband and also co-owner of the property pursuant to the marital laws of Colorado. *Id.*, ¶ 10-11. Plaintiffs contend that the original lender on the property was Accredited Home Lenders ("Accredited"). *Id.*, ¶ 12. Further, Plaintiffs state that approximately 18 months after the original financing, Diana Sladek learned her mortgage was an Adjustable Rate Mortgage ("ARM") when she had originally thought it was a 30-year fixed rate loan. *Id.*, ¶ 13. "Plaintiffs made payments until 2011 when with the increasing ARM [they] could no longer make the payments." *Id.*, ¶ 16. Plaintiffs allege that a foreclosure proceeding was commenced by Defendant Mowle against their property pursuant to Colo. Rev. Stat. § 38-38-101 in June 2011. *Id.*, ¶ 17. The foreclosure was finalized in July 2012 when a new deed was issued to Bank of America. *Id.*, ¶ 19.

Plaintiff Diana Sladek then "filed a lawsuit against Accredited in the District Court for El Paso County, Colorado." *Id.*, ¶ 21. Accredited failed to file an answer, and a default judgement was entered against it.[3] *Id.*, ¶ 23. The court entered an order for "Diana Sladek to provide evidence of what she paid on the ARM versus what she should have paid on a 30 year fixed rate." *Id.*, ¶ 24. "Subsequently, the U.S. Bankruptcy Court for the District of Delaware entered an Order of Relief from Stay that the [D]istrict Court of El Paso County Colorado or any court of competent jurisdiction should re-calculate the payments made by Diana Sladek to determine if she was current with her mortgage payments." *Id.*, ¶ 28. Plaintiffs allege that a CPA checked all payments made by Diana Sladek and determined she was current on all mortgage payments at the time of the

---

[3] At that time, Accredited had filed for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. Second Amended Complaint, Docket #53 at ¶ 25.

foreclosure. *Id.*, ¶ 29. Further, Plaintiffs contend they "were to use the property as corporate headquarters for their golf product business and a distribution point to distribute products throughout the U.S. and abroad." *Id.*, ¶ 30.

Defendant Mowle informs this Court that Plaintiffs have actively contested the foreclosure of the property in El Paso County District and other county courts, as well as federal court. Motion, docket #54 at 3. One case has been previously filed against Defendant Mowle as the El Paso County Public Trustee on December 15, 2010, which resulted in the court dismissing the case. *Id.* Defendant Mowle also contends that the United States District Court for the District of Colorado issued an Order for Summary Remand of the original Rule 120 action and the pending forcible entry and detainer ("FED") action back to state court. *Id.* at 4. Similarly, an appeal filed with the Colorado Court of Appeals relating to the Rule 120 case has also been dismissed. *Id.*

Defendant Mowle argues that this Court cannot hear Plaintiffs' claims because it lacks jurisdiction for three reasons: (1) Plaintiffs lack standing; (2) Defendant Mowle is entitled to sovereign immunity; and (3) the *Rooker-Feldman* doctrine bars this case. Alternatively, Defendant Mowle contends that Plaintiffs fail to state claims for relief for any of their claims.

## LEGAL STANDARDS

### I.   Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do

so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction takes one of two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

**II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

### III.     Dismissal of a Pro Se Plaintiff's Complaint[4]

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations and citations omitted). Here, however, Mr. Sladek is

---

[4] This Court recognizes that Plaintiffs are proceeding *pro se*; however, there is evidence that Mr. Sladek is an attorney. Unfortunately, it is unclear which Plaintiff is drafting the pleadings in this case and, thus, the Court cannot determine how the documents should be interpreted. Therefore, this Court recommends that the District Court determine whether Plaintiffs' pleadings should be construed liberally.

an attorney (arbeit presently suspended from practicing law) with legal training and experience. The Court, therefore, holds Mr. Sladek to a higher standard than an untrained *pro se* litigant, and does not grant him the benefits of a liberal construction of his pleadings. *See Church v. City of Cleveland*, No. 1-10-cv-1399, 2010 U.S. Dist. LEXIS 124702, at *2, *6 (N.D. Ohio Oct. 26, 2010) (declining to grant a suspended attorney, appearing *pro se*, "the benefits of liberal construction to which an untrained *pro se* litigant is entitled").

## ANALYSIS

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

**I.      Rule 12(b)(1) Defenses**

    **A.      Lack of Standing**

Defendant Mowle contends that Plaintiff Dennis Sladek does not have standing to bring claims concerning the foreclosure due to a lack of any legally protected property interest in the home. According to Defendant Mowle, Plaintiff Diana Sladek was the sole borrower under the deed of trust and the owner of the property, which was sold at the foreclosure sale. Defendant Mowle also alleges that both Plaintiffs fail to establish standing with regard to their golf product business. That is, as Defendant Mowle explains, Plaintiffs did not establish any concrete and particularized injury because the Plaintiffs only expressed an "intent" to use the property as corporate headquarters and as a distribution center for the golf product business. For these reasons, Defendant Mowle asserts that claims 1-5 should be dismissed due to a lack of standing by the Plaintiffs to bring those

claims.

Plaintiffs respond that Dennis Sladek has standing to bring the foreclosure claims due to the marriage laws of the State of Colorado which grant him 50% ownership interest in the property. Plaintiffs also assert new additional facts to support their standing for claims related to the golf product business. According to Plaintiffs, the golf product has been patented and copyrighted by Plaintiff Dennis Sladek, with these rights later transferred to Wunder Wedje Enterprises, LLC. Plaintiffs are each one-third partners of Wunder Wedje; Plaintiff Dennis Saldek is the CEO and Plaintiff Diana Sladek is the President.

Defendant Mowle continues to dispute, in his reply, that Plaintiff Dennis Sladek has standing with respect to the foreclosure because Plaintiff's reliance on his marriage is not sufficient to confer standing. Defendant Mowle contends that the Plaintiffs introduced new facts in their response with regard to their golf product business, which should be disregarded because they were not properly pled in the original complaint.

Standing is an essential component of the case-or-controversy requirement of Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff has the burden of establishing standing in order to invoke the jurisdiction of the federal courts. *Id.* at 561. Standing involves three elements: injury in fact, causation, and redressibility. *Stewart v. Kempthorne*, 554 F.3d 1245, 1253 (10th Cir. 2009). In order to establish injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent . . .." *Lujan*, 504 U.S. at 560. A protected property interest is one created by sources such as federal or state statute. *Carnes v. Parker*, 922 F.2d 1506, 1509 (10th Cir. 1991).

Mr. Sladek fails to sufficiently allege any facts supporting the position that he has suffered any invasion of a legally protected interest in the foreclosed property. He offers an argument that he possessed one half of the interest in the property due to marriage laws, but does not offer any Colorado statute to support that allegation. Defendant Mowle has shown that Diana Sladek was the sole borrower under the original deed of trust and the sole owner of the property sold at the foreclosure sale. Consequently, any claims brought by Dennis Sladek related to the foreclosure must be dismissed due to lack of standing. This includes claims: (1) Due Process and Equal Protection Clause violations of the 5th and 14th Amendments to the U.S. Constitution; (3) Constitutionality of a Statute; (5) Nullification of Foreclosure; and (6) Negligence, because they directly relate to the foreclosure proceedings.

With respect to claims concerning the golf product business, both Plaintiffs lack standing because they do not establish any injury that is both concrete and particularized, and actual and imminent. *See Lujan*, 504 U.S. at 560. Plaintiffs allege in their complaint that they were going to use the property for a golf product business and claim Defendant Mowle interfered with the potential distribution of the golf products. A claim for a future injury constitutes mere speculation or conjecture and does not warrant invocation of jurisdiction. *See O'Shea v. Littleton*, 414 U.S. 488, 497 (1974); *see also L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (holding, "The speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled."). Due to the lack of injury in fact, the claims related to the golf product business, i.e., (Claim 1) Due Process and Equal Protection Clause violations of the 5th and 14th Amendments to the U.S. Constitution and (Claim 2) Violation of U.S. Const. art. 1, § 8, cl. 3, should be dismissed.

**B.     Sovereign Immunity**

Defendant Mowle asserts that he is immune from liability on any tort-related claims due to sovereign immunity. According to Defendant Mowle, the Colorado Governmental Immunity Act (CGIA), Colo. Rev. Stat. § 24-10-101, *et seq.*, provides that public employees are immune from liability in all claims for injury which lie or could lie in tort, provided the public employee is acting within the scope of his or her employment during the performance of his or her duties and provided that the public employee's act or omission is not willful and wanton. Defendant Mowle argues that sovereign immunity is an issue of subject matter jurisdiction, and the Plaintiffs bear the burden of establishing a waiver of sovereign immunity that would support claims for liability against Defendant Mowle. Defendant Mowle asserts that claims 6-8 should be dismissed for lack of subject matter jurisdiction under Colo. Rev. Stat. § 24-10-101.

Plaintiffs argue in their response that sovereign immunity would not apply to Defendant Mowle, because his actions were reckless and cannot be immunized.

In Defendant Mowle's reply, he further contends that he is immune from liability by claiming the Plaintiffs did not comply with the necessary statutory provision when bringing a claim against a public entity. He asserts that the Plaintiffs still have not met their burden of establishing this Court's jurisdiction over the tort claims, because the Public Trustee has no duty nor authority to conduct an independent investigation of the information provided by the holder of the evidence of debt that initiates a foreclosure action. Defendant Mowle argues that this would require him to act outside the scope of his official duties to meet the Plaintiffs' expectations.

A public employee under the CGIA is defined to include any appointed county officer. Colo. Rev. Stat. § 24-10-103(4)(a) (2013). Though appointed by the governor in some counties, including El Paso County, public trustees are still considered county officers. *People ex rel. Fairall v. Sabin*,

227 P. 565, 566 (Colo. 1924). Also, prior to bringing an action covered by the CGIA, a plaintiff is required to file a notice of claim within 182 days of discovering the alleged injury. Colo. Rev. Stat. § 24-10-109(1) (2013). When an action covered by the CGIA is filed against a public employee, the plaintiff must state the specific factual basis of the allegations of the willful and wanton act or omission, and failure to do so must result in dismissal of the claim for failure to state a claim upon which relief can be granted. Colo. Rev. Stat. § 24-10-110(5) (2013).

Plaintiffs failed to sufficiently allege any facts to suggest Defendant Mowle acted willfully or wantonly, which would waive his possibility for protection under sovereign immunity and qualify him as acting outside the scope of his employment. Due to this and the lack facts to demonstrate compliance with the notice provision of the CGIA, claims 6-8 should be dismissed.

### C.   *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgement in a United States district court, based on [a] claim that the state judgement itself violates . . . federal rights.") The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Tenth Circuit has repeatedly held that "the type of judicial action barred by *Rooker-*

*Feldman* [ ] consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with the law." *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98, 105 (NM LBR 2009) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). Moreover, the doctrine prohibits a state-court loser from seeking a different result in federal court. *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012). Further, the *Rooker-Feldman* doctrine prohibits foreclosed borrowers from litigating their grievances regarding the foreclosure sale in federal court after the sale becomes final. *Dillard v. Bank of New York*, 476 Fed. Appx. 690, 691-92 (10th Cir. 2012).

Here, Plaintiffs allege that the actions of Defendant Mowle, with regard to the foreclosure, were illegal. Plaintiffs also seek a declaration from this Court that the state court foreclosure action is void. For Plaintiffs' claims against Defendant Mowle to stand, they must establish that the lien he allowed to be foreclosed upon was invalid and that, through this process, he exceeded his authority as Public Trustee of El Paso County. Clearly, if the original loan was perfect and valid, Plaintiffs would have no claim against him, as they would not have defaulted on the loan. Thus, the premise of this claim also centers on the validity of the loan, or Bank of America's standing to foreclose on the lien. This aspect of the Plaintiffs' claims was previously adjudicated by the state court, which authorized the sale of their home, and granting Plaintiffs the relief requested here would require this Court to invalidate a state court judgment. Accordingly, these allegations, as well as the requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing the following claims: (Claim 1) Due Process and Equal Protection Clause violations of the 5th and 14th Amendments to the U.S. Constitution; (Claim 2) Violation of U.S. Const. art. 1, § 8, cl. 3; (Claim 3) Constitutionality of a Statute; and (Claim 5) Nullification of

Foreclosure.

In sum, Plaintiffs' claims against Defendant Mowle fail under his Rule 12(b)(1) defenses, and this Court recommends that Defendant Mowle's Motion to Dismiss be granted.

## II.     Rule 12(b)(6) Defenses

Defendant Mowle further offers supporting arguments in the motion to dismiss for Plaintiffs' alleged failure to state claims for relief under Fed. R. Civ. P. 12(b)(6). He generally argues that the Plaintiffs did not meet the minimum standard of pleading with respect to all other claims, and he raises a statute of limitations issue specifically on claims: (Claim 1) Due Process and Equal Protection Clause violations of the 5th and 14th Amendments to the U.S. Constitution; (Claim 6) Negligence; (Claim 7) Negligent Infliction of Emotional Distress; and (Claim 8) Intentional Infliction of Emotional Distress.

Because this Court has determined that it does not have jurisdiction over the Plaintiffs' claims to invalidate the foreclosure, and all other related claims[5], the Court need not proceed with an analysis of Defendant Mowle's arguments for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

The present motion asserts Plaintiffs' claims should be dismissed due to a lack of standing by the Plaintiffs, sovereign immunity as applied to the Defendant, and an invalid request for review of a state court's final judgment in a United States District Court. This Court concludes that the Amended Complaint's allegations demonstrate Plaintiff Dennis Sladek lacks standing to bring any foreclosure related claims, and both Plaintiffs lack standing on any golf product business claims.[6]

---

[5] This includes claims 1, 2, 3, 6, 7, and 8.

[6] This includes claims 1, 2, 3, and 5.

Plaintiffs fail to sufficiently allege any facts demonstrating Defendant Mowle engaged in willful and wanton conduct and/ or was not working within the scope of his employment as the El Paso County Public Trustee.[7] Any remaining claims related to the foreclosure are squarely within the scope of the *Rooker-Feldman* doctrine, and this Court is precluded from reviewing them.

Accordingly, the Court respectfully RECOMMENDS that the District Court **GRANT** Defendant Mowle's Motion to Dismiss Second Amended Complaint [filed May 08, 2014; docket #54].

DATED this 10th day of July, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[7] This includes the remaining claims 6, 7, 8. Claims 4, 9, 10, and 11 are intentionally excluded as they do not apply to Defendant Mowle.