IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK, and
DENNIS SLADEK,

      Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
ROBERT J. ARONOWITZ,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

      Defendants.

---

## ORDER ON MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is a Motion to Strike Plaintiffs' Notice (Docket #116) filed by defense counsel Catherine Hildreth [filed August 27, 2014; docket #117]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #118]. The motion is sufficiently briefed, and the Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion as follows.

## BACKGROUND

      On April 16, 2014, this Court granted the Plaintiffs' request to file a Second Amended Complaint [docket #42], which was filed April 25, 2014 [docket #52]. Essentially, Plaintiffs claim that Defendants violated the due process and equal protection clauses of the 5th and 14th Amendments, as well as the restraint of trade clause of Article I, Section 8 of the U.S. Constitution.

*See* docket #52.  In addition, the Plaintiffs challenge the constitutionality of Colo. Rev. Stat. § 38-38-101, *et seq.*, seek a calculation of mortgage payments, and request an order nullifying the foreclosure of their former residence.  *Id.*  Defendant Mowle, El Paso County Trustee, responded to the Second Amended Complaint on May 8, 2014 by filing a motion to dismiss for lack of subject matter jurisdiction.  *See* docket #54.  The remaining Defendants filed a "joint" motion to dismiss asserting that the Court lacks subject matter jurisdiction and that the Plaintiffs fail to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6).  Docket #70.  Defendants' motions were referred to this Court for Report and Recommendation.  This Court recommended that the District Court grant Defendant Mowle's motion on July 10, 2014 (docket #94) and grant the remaining Defendants' motion on July 30, 2014 (docket #109).  Those recommendations remain pending before the District Court.

On August 21, 2014, without permission or request from the Court, Plaintiffs filed a "Notice to Court of Unethical Conduct by Defendant's Counsel" (docket #116).  Plaintiffs assert that a settlement conference was held at the El Paso County Courthouse on August 14, 2014, during which defense counsel, Ms. Hildreth, told Plaintiff Dennis Sladek that "she had spoken with the bankruptcy attorney back east and he stated that 'he was not happy with the pleading that Sladek had filed and that he held Sladek in low regard.'" Notice, ¶ 3, docket #116 at 1.  Plaintiffs contend that they later learned from the bankruptcy attorney that he had never spoken with another attorney in Denver other than Plaintiff Dennis Sladek.  *Id.*, ¶ 5.  Plaintiffs contend that "Hildreth lied in an attempt to wrongly influence Sladek," and they "ha[ve] no other option but to report this to the proper authorities[.]" *Id.*, ¶ 6.

In the present motion, Ms. Hildreth argues that the Notice should be stricken as not permitted by Court order or rules.  Alternatively, Ms. Hildreth claims that the Notice is meant only

to harass her as it seeks no relief from the Court, the alleged conduct occurred during an eviction matter in state court, and the Notice "misrepresent[s] the contents of a discussion within the context of a settlement conference and assert[s] ethical violations without any support therefore [sic]." Motion, ¶¶ 9, 10, docket #117.  Plaintiffs respond that Ms. Hildreth did not address the truthfulness of the challenged statement and, thus, it is "an admission." Response, ¶ 1, docket #123.  Plaintiffs also assert that the notice was meant "only to advise the Court as to the actions of counsel" in making allegedly false statements "in an attempt to gain some advantage in a settlement conference." *Id.*, ¶2.

The present motion is brought pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).   "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).

Generally, motions, briefs, and memoranda may not be attacked by a motion to strike. *Ysais v. New Mexico Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009).  However, "a Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Id.* (citations and internal quotations omitted).

Here, the Plaintiffs have failed to show that their Notice, simply advising the Court of opposing counsel's alleged conduct without seeking relief or leave of Court, is permitted by the

federal or local rules.  Plaintiffs also fail to explain the relevance of the Notice's contents to this case.  Accordingly, the Court finds the Notice is immaterial to the proceedings of this case and directs the Clerk of the Court to strike the Notice (docket #116) from the record.

Accordingly, for the reasons stated above, it is hereby ORDERED that Motion to Strike Plaintiffs' Notice (Docket #116) filed by defense counsel Catherine Hildreth [filed August 27, 2014; docket #117] is **granted**.  The Court directs the Clerk of the Court to **strike** the Notice (docket #116) from the record.

Dated at Denver, Colorado, this 16th day of September, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge