IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK, and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
ROBERT ARONOWITZ,
THOMAS MOWLE, and
MERS, a division of MERSCORP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 1, 2014.**

    For again failing to demonstrate whether justice requires the proposed amendments, Plaintiffs' second Motion to Amend Complaint [filed September 30, 2014; docket #126] is **denied without prejudice**. Plaintiffs' original motion was denied as vague and for failing to describe or explain any proposed new parties and/or claims. The Court concluded that it is not the obligation of this Court to sift through the Plaintiffs' lengthy 50-page proposed pleading to unearth any requested amendments.

    In the present motion, Plaintiff merely adds a list of new claims and the following comments:

> This matter is highly relevant to Plaintiffs' Complaint against Defendant Aronowitz & Mecklenburg, since it reveals conduct by Defendant Aronowitz & Mecklenburg that Plaintiffs were totally unaware of when they filed their Complaint. The Complaint filed by the Attorney General goes into greater detail than Plaintiffs knew. Plaintiffs have greatly increased their allegations putting forth more detail as to the conduct of the Defendant and their illegal foreclosure practices. This information gives rise to additional claims.

Plaintiffs' comments are vague and provide no more information to allow the Court to determine whether justice requires granting the proposed amendments than the original motion. For example, the Plaintiffs refer to a "civil complaint" filed by the Attorney General and argue "this matter is highly relevant to Plaintiffs' complaint," but they fail to explain *what* about the civil complaint is

relevant, *how* the allegations in the civil complaint relate to the Plaintiffs, and *why* the Court should consider it. Moreover, Plaintiffs refer repeatedly to "conduct" by Defendant Aronowitz & Mecklenberg, but fail to describe any such conduct.

Further, the Plaintiffs contravene D.C. Colo. LCivR 15.1(b) by failing to "attach as an exhibit a copy of the proposed amended pleading which strikes through the text to be deleted and underlines the text to be added." The Plaintiffs' current proposed pleading appears to have been reduced to 45 pages from that attached to the original motion; nevertheless, the Court is not obligated to sort through the pleading to attempt to locate Plaintiffs' proposed amended allegations and claims.

Should the Plaintiffs fail to comply with this second order in re-filing their motion, this Court may recommend that the third motion be denied with prejudice.