IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK, and
DENNIS SLADEK,

     Plaintiffs,

v.

BANK OF AMERICA, NA,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is a Plaintiff's Motion to Amend [the Second Amended] Complaint [filed October 8, 2014; docket #130]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C.COLO.LCivR 72.1C, the matter is referred to this Court for recommendation. Although Defendants apparently oppose the motion, they filed no responses despite the opportunity to do so. The Court concludes oral argument would not materially assist in its adjudication of the motion. For the reasons that follow, the Court respectfully RECOMMENDS that the motion to amend be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States*

**BACKGROUND**

Plaintiffs, proceeding *pro se*, initiated this action on November 14, 2013 against Aronowitz & Mecklenburg, Bank of America, N.A., MERS, Robert Aronowitz ("Entity Defendants"), and Thomas Mowle. (Docket #1.) Plaintiffs subsequently filed an Amended Complaint on December 19, 2013. (Docket #9.) Plaintiffs filed the operative Second Amended Complaint on April 25, 2014 alleging the following claims against Defendants: (Claim 1) Due Process and Equal Protection Clause Violation of the 5th and 14th Amendments to the U.S. Constitution; (Claim 2) Violation of U.S. Const. art. 1, § 8, cl. 3; (Claim 3) Constitutionality of a Statute; (Claim 4) Constitutionality of Statute; (Claim 5) Calculation of Payments; (Claim 6) Negligence; (Claim 7) Negligent Infliction of Emotional Distress; (Claim 8) Intentional Infliction of Emotional Distress; (Claim 9) Acquisition and Maintenance of an Interest in and Control of An Enterprise Engaged in a Pattern of Racketeering Activity; 18 U.S.C. § 1961(5), 18 U.S.C. § 1962(b); (Claim 10) Conduct and Participation in a RICO Enterprise Through a Pattern of Racketeering Activity: 18 U.S.C. § 1961(5), 18 U.S.C. § 1962(c); and (Claim 11) Conspiracy to Engage in a Pattern of Racketeering Activity. *See* Second Amended Complaint, docket # 52. On May 8, 2014, Defendant Mowle filed a motion to dismiss and on May 30, 2014, the Entity Defendants filed a motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). This Court issued recommendations to grant the Defendants' motions and dismiss the challenged claims on July

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

10, 2014 and July 30, 2014. Those recommendations remain pending before the District Court.

The operative complaint seeks: (1) an order granting nullification of the foreclosure of Plaintiffs' home; (2) a declaration that the Colorado foreclosure statute is unconstitutional; (3) a calculation of Diana Sladek's payments to determine whether she was current on her mortgage payments; and (4) an award of damages. Second Amended Complaint, docket #52 at 19. In support of these requests, Plaintiffs allege that Diana Sladek was the purchaser and co-owner of the property, and that Dennis Sladek is Diana's husband and also co-owner of the property pursuant to the marital laws of Colorado. *Id.*, ¶ 10-11. Plaintiffs contend that the original lender on the property was Accredited Home Lenders ("Accredited"). *Id.*, ¶ 12. Further, Plaintiffs state that approximately 18 months after the original financing, Diana Sladek learned her mortgage was an Adjustable Rate Mortgage ("ARM") when she had originally thought it was a 30-year fixed rate loan. *Id.*, ¶ 13. "Plaintiffs made payments until 2011 when with the increasing ARM [they] could no longer make the payments." *Id.*, ¶ 16. Plaintiffs allege a foreclosure proceeding was commenced by Defendant Mowle and Defendant Aronowitz against Plaintiffs' property pursuant to Colo. Rev. Stat. § 38-38-101 in June 2011. *Id.*, ¶ 17. The foreclosure was finalized in July 2012 when a new deed was issued to Defendant Bank of America. *Id.*, ¶ 19.

Plaintiff Diana Sladek then "filed a lawsuit against Accredited in the District Court for El Paso County, Colorado." *Id.*, ¶ 21. Accredited failed to file an answer and a default judgment was entered against it.[2] *Id.*, ¶ 23. The court entered an order for "Diana Sladek to provide evidence of what she paid on the ARM versus what she should have paid on a 30 year fixed rate." *Id.*, ¶ 24.

---

[2] At that time, Accredited had filed for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. Second Amended Complaint, Docket # 53 at ¶ 25.

"Subsequently, the U.S. Bankruptcy Court for the District of Delaware entered an Order of Relief from Stay that the [D]istrict Court of El Paso County Colorado or any court of competent jurisdiction should re-calculate the payments made by Diana Sladek to determine if she was current with her mortgage payments." *Id.*, ¶ 28. Plaintiffs allege that a Certified Public Accountant checked all payments made by Diana Sladek and determined she was current on all mortgage payments at the time of the foreclosure. *Id.*, ¶ 29. Further, Plaintiffs contend they "were to use the property as corporate headquarters for their golf product business and a distribution point to distribute products throughout the U.S. and abroad." *Id.*, ¶ 30.

The Plaintiffs filed an original motion to amend the operative pleading on August 6, 2014; however, the Court denied that motion without prejudice saying, "Plaintiffs' motion is vague, fails to describe or explain any proposed new parties and/or claims, and attaches a proposed pleading that is 50 pages long. It is not the obligation of this Court to sift through the Plaintiffs' lengthy filings to unearth any requested amendments." Docket #125. Plaintiffs filed a second motion to amend on September 30, 2014; but, the Court denied the motion again concluding: "Plaintiffs' comments are vague and provide no more information to allow the Court to determine whether justice requires granting the proposed amendments than the original motion. For example, the Plaintiffs refer to a 'civil complaint' filed by the Attorney General and argue 'this matter is highly relevant to Plaintiffs' complaint,' but they fail to explain *what* about the civil complaint is relevant, *how* the allegations in the civil complaint relate to the Plaintiffs, and *why* the Court should consider it. Moreover, Plaintiffs refer repeatedly to 'conduct' by Defendant Aronowitz & Mecklenberg, but fail to describe any such conduct." Docket #128.

In the present third motion to amend, Plaintiffs again seek to add numerous factual

allegations and five new claims based upon information they say they learned from a complaint filed in state court against Defendant Aronowitz & Mecklenberg. Specifically, Plaintiffs argue:

> The Complaint filed by the Colorado Attorney General is relevant to Plaintiffs' Complaint in that it contains very in depth allegations that Plaintiffs could never have discovered. The AG's office had the resources and investigators that were able to disclose the facts alleged in their Complaint. These facts when added to Plaintiffs' allegations bolster Plaintiffs' claims. As an example a claim of negligence now rises to the level of intentional conduct. This also bolsters Plaintiffs' RICO claims in that it shows a much greater enterprise and RICO conduct that conspired to defraud lenders, borrowers such as Plaintiffs, and other entities. When taken in toto, the conduct of Defendants Aronowitz & Mecklenburg and Robert Aronowitz amounts to absolute fraud on, as said above, lenders, borrowers, and other entities. Those Defendants blatantly lied as to representation of lenders, falsified documents, and charged false fees, etc.

Motion, ¶ 3, docket #130. The new factual allegations are set forth in paragraphs 90-242 of the proposed pleading, and the five new claims are for false representation, concealment, violations of the Colorado Consumer Protection Act and Colorado Fair Debt Collection Practices Act, and negligence per se. *Id.*, ¶¶ 4, 9. Although provided the opportunity to do so, the Defendants did not file a response to the present motion.

## DISCUSSION

Plaintiff's motion implicates both Fed. R. Civ. P. 15 and 16. First, the motion was filed well after the deadline set for joinder of parties and amendment of pleadings in the governing scheduling order; thus, Plaintiffs must demonstrate good cause for modifying the scheduling order pursuant to Rule 16(b). Second, the motion must comply with the requirements of Rule 15(a) for amendment of pleadings. The Court will address each requirement in turn.

### I.  Modification of the Scheduling Order

According to the Scheduling Order, the deadline for joinder of parties and amendment of pleadings was August 4, 2014. (Docket #78 at 13.) The Plaintiffs requested no extension of this

deadline. Because Plaintiffs filed the present motion well after the deadline, granting the motion pursuant to Rule 15(a) would require an amendment of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiffs demonstrate good cause allowing amendment of the Scheduling Order. Second, if Plaintiffs show good cause, they must also meet the requirements of Fed. R. Civ. P. 15.

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* (citation omitted). In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17, 2010) (citation omitted).

Here, the Plaintiffs assert, "All facts alleged above were not learned by Plaintiffs until at least October-November 2014." Proposed Third Amended Complaint, ¶ 242, docket #130-1 at 37.

Plaintiffs also state that they "sought to amend their Complaint as soon as they were made aware of the complaint filed by the AG's office." Motion, ¶ 3, docket #130. Since (without more information from Defendants) it appears that the Plaintiffs learned the proposed factual allegations during and through discovery in this case, the Court recommends that the District Court find good cause exists to modify the Scheduling Order in this matter pursuant to Fed. R. Civ. P. 16(b). *See Riggs, supra*.

**II.     Amendment pursuant to Rule 15(a)**

Plaintiffs must also meet the requirements of Fed. R. Civ. P. 15(a). Once a 21-day period after a responsive pleading to the complaint is filed lapses, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Although Defendants have filed no opposition to the present motion, the Court has reviewed the proposed pleading and finds Plaintiffs' motion should be denied because the proposed amendments are futile. An amendment is futile when it is subject to dismissal for any reason. *E. SPIRE Communs., Inc. v. New Mexico Public Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir.

2004); *see also Tenison v. Morgan*, 508 F. App'x 824, 826 (10th Cir. 2013) (amendment is futile where proposed complaint fails to state claim upon which relief could be granted); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim").

In this case, Plaintiffs' proposed factual allegations fail to plead adequately any claims for relief on behalf of the Plaintiffs. The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Here, as they argue, Plaintiffs' factual allegations at paragraphs 90-242 allege conduct by Defendant Aronowitz and Mecklenberg based upon an investigation by the Colorado Attorney General's office. Plaintiffs allege generally that

> Defendants systematically and intentionally misrepresent, inflate, and charge unreasonable, unauthorized, unlawful, and deceptive costs for posting foreclosure notices, obtaining title products, preparing documents, and providing other foreclosure-related services. They do this primarily through affiliated vendors, which create invoices for foreclosure services at costs grossly inflated above the actual costs and above what unaffiliated vendors charge for the same services.

Proposed Third Amended Complaint, ¶ 90, docket #130-1.  Specifically, Aronowitz and Mecklenberg's alleged conduct includes inflating foreclosure services fees, double billing, charging mortgage servicers excessive fees for posting HB 1276 and Rule 120 notices, marking up and inflating title search report costs for its clients, charging homeowners $400-$500 for a canceled foreclosure title commitment, misrepresenting $100 fee for preparing statements of qualified holder as "cost" to its clients, charging $35 for a $10 tax certificate or for none at all, and inflating costs for free or low-cost internet searches.  *Id.* at ¶¶ 91-242.  Apparently based upon these allegations, Plaintiffs allege new claims for false representation, concealment, violations of the Colorado Consumer Protection Act ("CCPA" and the Colorado Fair Debt Collection Practices Act ("CFDCPA"), and negligence per se.  *Id.* at ¶¶ 306-338.  The Court finds two reasons for recommending denial of these amendments.

First, the Plaintiffs fail to allege or explain how they themselves were damaged and are "entitled to relief" for any of the conduct alleged in paragraphs 90-242.  It is completely unclear as to whether the Plaintiffs claim damages as the law firm's "clients" (unlikely), "mortgage servicers" (more unlikely) or homeowners and, if homeowners, how the law firm's conduct injured them.

Second, the new claims Plaintiffs allege either do not relate to the new factual allegations or are vague as to how they are related. For example, the "false representation" and "concealment" claims allege respectively, "Defendants made a false representation of a past or present fact that BOA had standing to prosecute Plaintiffs and that BOA owned the asset backed notes" and "Defendants concealed a past or present fact" that "BOA lacked standing to prosecute Plaintiffs and that BOA did not own the asset backed notes."  There is nothing in the new factual allegations concerning "standing" or whether Defendant Bank of American (BOA) "owned asset backed notes."

In fact, these claims contain nothing referencing the new factual allegations and are vague as to whether the new facts provide support for such claims.

To the extent that the Plaintiffs seek to add these new claims based upon facts already known to them, they fail to demonstrate how the addition of these new claims is timely. In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 892 F.2d 1182, 1185 (10th Cir. 1990). Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[t]he unexplained delay alone justifies the district court's discretionary decision.").

In addition, the Plaintiffs allege violations of the CCPA and CFDCPA, as well as negligence per se based upon the statutory violations. Again, these claims as stated are completely vague as to whether they relate to the new factual allegations and how Plaintiffs were injured under each claim. *See Twombly*, 550 U.S. at 555 (Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

Accordingly, the Court finds the Plaintiffs fail to state plausible claims for relief and, thus, their proposed amendments are futile. The Court respectfully recommends that the District Court **DENY** Plaintiff's Motion to Amend [the Second Amended] Complaint [filed October 8, 2014; docket #130].

DATED this 5th day of November, 2014, at Denver, Colorado.

                                                                  BY THE COURT:

                                                                  *[signature: Michael E. Hegarty]*

                                                                  Michael E. Hegarty
                                                                 United States Magistrate Judge