IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

## ORDER

This matter is before the Court on defendant Bank of America, N.A.'s Motion for Order Remanding Action to State Court [Docket No. 133]. The matter is fully briefed and ripe for disposition.

On October 24, 2014, plaintiffs filed a Notice of Removal ("Notice"), removing two cases from the District Court for the County of El Paso, Colorado (the "state court actions"),[1] and seeking to consolidate those cases with this action. *See* Docket No. 132. Defendant seeks to remand those actions to state court, arguing that the Notice is procedurally defective for multiple reasons. In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v.*

---

[1] Case Nos. 11-cv-34134 and 11-cv-00375.

*Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Further factual details are not relevant to the Court's determination of the removal issue and will not be recited here.

Defendant argues that the Notice fails to provide a "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a), Docket No. 133 at 5, and that, even if plaintiffs had complied with this requirement, the state court actions are not removable because plaintiffs are residents of the state in which they were filed. *Id.* at 7. The Court agrees. Section 1446(a) of Title 28 of the United States Code provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The Notice fails to comply with these requirements. It contains no "short and plain statement of the grounds for removal," nor does it attach "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court actions. *See* Docket No. 132. Plaintiffs respond that diversity of citizenship exists because defendant Bank of America, N.A. is "a foreign corporation." Docket No. 136 at 1. But even if plaintiffs had included this as the basis for jurisdiction in the Notice, removal would be improper. Plaintiffs state in their complaint in this action that they are residents of the state of Colorado. Docket No. 1 at 1, ¶¶ 3-4. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of [Title 28] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiffs cannot avail themselves of removal when

defending an action brought against them in their home state.[2]

Wherefore, it is

**ORDERED** that defendant Bank of America, N.A.'s Motion for Order Remanding Action to State Court [Docket No. 133] is **GRANTED**.  It is further

**ORDERED** that the actions plaintiff sought to remove are remanded to the District Court for the County of El Paso, where they were filed as Case Nos. 11-cv-34134 and 11-cv-00375.

DATED January 28, 2015.

                                                                   BY THE COURT:

                                                   s/Philip A. Brimmer
                                                 PHILIP A. BRIMMER
                                                 United States District Judge

---

[2] Defendant also argues that the Notice is untimely.  Docket No. 133 at 8.  Although defendant's argument appears to have merit, the Court need not and does not consider it, having already found sufficient justification to remand the state court actions.