IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

# ORDER

This matter is before the Court on two Recommendations of United States Magistrate Judge [Docket Nos. 94, 109] ("Recommendations"). The magistrate judge recommends that the Court grant motions to dismiss filed by defendant Thomas Mowle [Docket No. 54] and defendants Bank of America, N.A. ("Bank of America"), Aronowitz & Mecklenburg, MERS, and Robert Aronowitz [Docket No. 70]. Plaintiffs filed timely objections to each Recommendation. *See* Docket Nos. 102, 115.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. ANALYSIS

Plaintiffs bring claims related to the July 2011 foreclosure sale of plaintiffs' home. The relevant facts are set forth in detail in the Recommendations, *see* Docket Nos. 94, 109, and will not be recited here except as relevant to the Court's de novo review.

### A. Defendant Mowle's Motion to Dismiss

The magistrate judge recommends that the Court grant defendant Mowle's motion to dismiss on multiple bases. First, the magistrate judge recommends dismissing claims 1, 3, 5, and 6 as to plaintiff Dennis Sladek and claims 1-2 as applied to the alleged injury to plaintiffs' golf business for lack of standing. Docket No. 94 at 8-9. Second, the magistrate judge recommends dismissing claims 6-8 in their entirety because defendant Mowle is entitled to sovereign immunity. *Id.* at 9-11. Plaintiffs do not object to either recommendation. *See* Docket No. 102. In the absence of an objection, the Court has reviewed the Recommendation and is satisfied that there is "no clear error on the face of the record"[1] with respect to the Recommendation's findings

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo

concerning standing and sovereign immunity.  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Plaintiffs' lone objection is to the Recommendation's last finding, that plaintiffs' claims 1, 2, 3, and 5 are barred by the *Rooker-Feldman* doctrine.  Docket No. 94 at 11-12.[2]  The *Rooker-Feldman* doctrine provides that, since the United States Supreme Court has exclusive jurisdiction to adjudicate claims seeking review of state court judgments, federal district courts lack jurisdiction to adjudicate such claims.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It bars the adjudication both of "claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."  *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotations omitted).

Plaintiffs argue that the *Rooker-Feldman* doctrine does not apply to Rule 120 proceedings because they are not final judgments subject to appellate review.  *See* Docket No. 102 at 3-4.  Plaintiffs also argue that the *Rooker-Feldman* doctrine is inapplicable because plaintiffs' complaint in this matter is based on newly-discovered evidence that defendant Bank of America, acting in concert with defendants Aronowitz

---

review.  Fed. R. Civ. P. 72(b).

[2]The magistrate judge found that claims 4, 9, 10, and 11 were inapplicable to defendant Mowle.  Docket No. 94 at 2 n.2.

& Mecklenburg and Robert Aronowitz, made misrepresentations concerning its capacity to foreclose on plaintiffs' property.  Docket No. 102 at 5.

The Court finds that plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  While plaintiffs are correct that the *Rooker-Feldman* doctrine does not bar collateral attacks on Rule 120 proceedings, *see In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012), the doctrine bars suits where plaintiffs are "not seeking to enjoin the sale of [their] home" but instead seek to undo foreclosure and eviction proceedings that were final before the lawsuit was initiated.  *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 n. 3 (10th Cir. 2012).  Here, the foreclosure and eviction have been finalized.  *See* Docket No. 52 at 4, ¶ 30 (noting that plaintiffs have incurred damages including rental payments and moving expenses in having to rent a substitute property).

Plaintiffs claim that the *Rooker-Feldman* doctrine does not apply because this suit brings collateral attacks on the judgment based on newly-discovered facts concerning Bank of America's standing to foreclose on their property.  *See* Docket No. 102 at 4-5.  None of plaintiffs' newly-discovered information, however, suggests that defendant Mowle engaged in any of the conduct that forms the basis for this action.  *See id.*  Plaintiffs' claims against defendant Mowle solely concern his performance of his administrative functions, arranging for the foreclosure sale and subsequently issuing a deed of trust.  *See* Docket No. 52 at 5, ¶ 37.  As the magistrate judge found, plaintiffs' claims against defendant Mowle therefore depend on a finding that the loan was invalid or that defendant Bank of America lacked standing to foreclose, which was determined in the state court proceeding.  *See* Docket No. 94 at 12.  Because plaintiffs' claims

against defendant Mowle "invit[e] district court review and rejection" of a final state court judgment, *Exxon Mobil*, 544 U.S. at 284, plaintiffs' first, second, third, and fifth claims as applied to defendant Mowle are barred by the *Rooker-Feldman* doctrine. *Dillard*, 476 F. App'x at 692 n.3.

### B. Defendants Bank of America, Aronowitz & Mecklenburg, MERS, and Robert Aronowitz's Motion to Dismiss

Plaintiffs object to the magistrate judge's finding that claims 1, 2, 3, 6, 7, and 8 are barred by the statute of limitations. Docket No. 115 at 2-3. Plaintiffs argue that the allegations in their complaint are based on information that they did not discover until late 2013. *Id.* at 3. Although plaintiffs do not explicitly characterize it as such, the Court construes plaintiffs' objection as an argument that their claims should be equitably tolled.[3]

In Colorado, "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). The newly-discovered factual information that serves as the basis for plaintiffs' claims in this suit is that defendants' past representations concerning Bank of America's interest in plaintiffs' property was not supported by SEC filings. *See*

---

[3] Plaintiffs do not object to the magistrate judge's application of the two-year statute of limitations on personal injury actions pursuant to Colo. Rev. Stat. §§ 13-80-102(1)(a), (g), or to the magistrate judge's finding that the statute of limitations began to accrue on June 1, 2011, the date of the foreclosure, *see* Docket No. 109 at 12, and the Court finds no clear error in those aspects of the Recommendation. Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Docket No. 52 at 13-14, ¶¶ 99-103. Specifically, plaintiffs allege that defendants represented that Bank of America was "Successor by merger to LaSalle Bank National Association, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-3, Asset Backed Notes." *Id.* at 13, ¶ 96. According to plaintiffs, there exists no SEC filing substituting Bank of America as trustee, and Bank of America therefore did not have standing to foreclose on plaintiffs' property. *Id.* at 14, ¶¶ 101, 103.

The Court finds that plaintiffs have not identified circumstances by which the statute of limitations may be equitably tolled. Plaintiffs do not claim that defendants impeded their discovery of the relevant SEC filings. Moreover, while plaintiffs claim that they only recently discovered the discrepancy between Bank of America's claimed interest in their property and public SEC filings, plaintiffs identify no "truly extraordinary circumstances" that would have prevented them from discovering this information within the two-year statute of limitations despite diligent efforts. Accordingly, the Court finds no error with this aspect of the Recommendation.[4]

The magistrate judge also recommended dismissal of plaintiffs' RICO claims, claims 9, 10, and 11. The magistrate judge found that plaintiffs failed to state their RICO claims with particularity, and also failed to allege that defendants' activities were the "but-for" cause of plaintiffs' injuries. Docket No 109 at 15-16. Plaintiffs do not object to these findings, and instead urge the Court to grant their separately-filed

---

[4] The magistrate judge also recommended dismissal of plaintiffs' claim 3 (constitutionality of statute), finding that it is barred by the *Rooker-Feldman* doctrine. The Court need not address this issue, as it adopts the magistrate judge's recommendation of dismissal of claim 3 on statute of limitations grounds.

Motion to Amend Complaint, which they claim contains significantly more detailed allegations to support their RICO claims.  Docket No. 115 at 6-7.  Absent an objection, the Court has reviewed this aspect of the Recommendation and has found no "clear error" on its face.  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

### C.  Plaintiffs' Claim for Calculation of Payments

The magistrate judge did not discuss plaintiffs' fourth claim for calculation of payments, as he concluded that it was inapplicable to both defendant Mowle and defendants Bank of America, Aronowitz & Mecklenburg, MERS, and Robert Aronowitz.  *See* Docket No. 94 at 2 n.2; Docket No. 109 at 2 n.2.  This claim appears to be based on an Order for Relief from Stay issued by the United States Bankruptcy Court for the District of Delaware in non-party Accredited Home Lenders Holding Co.'s ("Accredited") Chapter 11 bankruptcy proceeding, which granted relief from stay for the limited purpose of allowing a court of competent jurisdiction to recalculate plaintiffs' payments to Accredited or its successors.  Docket No. 52 at 4, ¶ 28, 8, ¶ 55; *see also In re Accredited Home Lenders Holding Co.*, No. 09-11516-MFW, Docket No. 3050 (Bankr. D. Del. Feb. 13, 2012).  Plaintiffs do not object to the magistrate judge's finding that their claim for calculation of damages do not involve any of the named defendants in this case, and the Court finds no basis to conclude otherwise.  In this circumstance, where a claim is apparently inapplicable to any named defendant, the Court will strike the claim pursuant to its inherent powers.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 94] is **ACCEPTED**.  It is further

**ORDERED** that defendant Thomas Mowle's Motion to Dismiss Second Amended Complaint [Docket No. 54] is **GRANTED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 109] is **ACCEPTED**.  It is further

**ORDERED** that defendants Bank of America, N.A., MERS, Aronowitz & Mecklenburg, and Robert J. Aronowitz' Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 70] is **GRANTED**.  It is further

**ORDERED** that plaintiffs' first, second, third, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh claims for relief are dismissed with prejudice.  It is further

**ORDERED** that plaintiffs' fourth claim for relief is stricken.

DATED March 10, 2015.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge