IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

---

# ORDER

---

This matter is before the Court on (1) the Motion for Order Remanding Action to State Court [Docket No. 154] and (2) the Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [Docket No. 155] filed by defendant Bank of America, N.A. ("Bank of America").

This is plaintiffs' third attempt to remove Case No. 11-cv-00375 from the District Court for the County of El Paso, Colorado (the "state court action") to federal district court, and plaintiffs' second attempt to consolidate the state court action with this case.[1] Bank of America initiated the state court action for unlawful detainer following foreclosure on plaintiffs' home and plaintiffs' subsequent reentry and re-occupation of the property. Docket No. 154 at 1. Plaintiffs first sought removal of the state court

---

[1] Plaintiffs' previous notice of removal filed in this action sought to remove two cases, the state court action, and Case No. 11C34134. *See* Docket No. 132 at 1. The instant notice of removal only seeks removal of one action.

action on November 1, 2011.  *See Bank of America, N.A. v. Sladek*, Case No. 11-cv-02842-LTB (Docket No. 1).  Judge Babcock summarily remanded the state law action on November 10, 2011.  *See id* (Docket No. 14).

On October 24, 2014, plaintiffs filed a notice of removal in this matter seeking to consolidate the state court action with this case.  *See* Docket No. 132.  Plaintiffs' motion was filed only a few days before a contempt hearing in the state court action, which had been scheduled to occur on October 27, 2014.  Docket No. 155 at 4; *see also* Docket No. 155-19 at 1.  The Court remanded the state court action on January 28, 2015 on multiple grounds, including that plaintiffs did not provide a "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a) and that, even if plaintiffs had complied with the removal statute, plaintiffs, both Colorado citizens, cannot avail themselves of removal on diversity grounds when defending an action brought against them in their home state.  *See* Docket No. 143 at 2-3.

On April 6, 2015, the state court issued an order finding plaintiffs in contempt of court and provided that plaintiffs could purge the contempt order by vacating the property within fourteen days.  Docket No. 155-25 at 5-6.  The state court provided that, after expiration of the fourteen day "purge" period, it would reissue a writ of restitution for immediate execution by the Sheriff requiring that plaintiffs immediately vacate the premises.  *Id.* at 5.

On April 23, 2015, plaintiffs filed a third notice of removal of the state court action (the "notice"), which is the subject of defendants' motions.  The notice states that plaintiffs "are filing [] claims pursuant to 18 U.S.C. [§] 1961, racketeering, 42 U.S.C. [§]

1983, due process and equal protection, due process violation of the 5th and 14th Amendments to the U.S. Constitution, and numerous state claims." Docket No. 153 at 1.

Defendants move for remand and for an award of monetary sanctions against plaintiffs on the grounds that plaintiffs lack any objectively reasonable basis for removal, that plaintiffs are using the federal courts to delay the state court action, and that sanctions are necessary to deter future dilatory tactics.

## I. ANALYSIS

### A. Remand

The Court finds that, like plaintiffs' October 24, 2014 notice of removal, the notice lacks the required short and plain statement of removal. The notice invokes federal question jurisdiction, *see* Docket No. 153 at 1 (citing 28 U.S.C. § 1331), but does not explain how the Court has original jurisdiction over the state court action. It appears that plaintiffs seek to invoke federal question jurisdiction based on the presence of federal counterclaims. *See* Docket No. 153 at 1. But "[f]ederal jursidiction cannot be predicated on an actual or anticipated defense, or rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009). Moreover, as Bank of America notes, plaintiffs have not complied with the requirements for removal. Section 1446(a) of Title 28 of the United States Code states that the moving party's notice of removal must be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Because the notice fails to comply with the requirements of the removal statute, the Court will grant Bank of America's

remand motion.

Bank of America also argues that the notice is untimely. Docket No. 154 at 7.[2] The Court agrees. A notice of removal must be filed within thirty days of receipt or service of the initial pleading or summons in the state court action, 28 U.S.C. § 1446(b)(2)(B), or, if the case was not initially removable, within thirty days of receipt by a defendant of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Bank of America filed its complaint in the state court action on October 20, 2011, *see* Docket No. 154-6 at 1, posted a copy of the summons and complaint in a conspicuous place on the subject property on October 12, 2011, *id.* at 5, and mailed a copy of the complaint on October 12, 2011. *Id.* at 6. The notice comes nearly three and a half years after plaintiffs received service of process in the state court action. Bank of America's motion to remand is granted for the additional reason that plaintiffs' notice is untimely.

## B. Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . (1) it is not being presented for any improper purpose, such as to harass, cause

---

[2]Bank of America raised the timeliness issue in response to plaintiffs' October 24, 2014 notice of removal as well. *See* Docket No. 133 at 8. In ruling on Bank of America's previous motion for remand, the Court noted that Bank of America's argument regarding timeliness appeared to have merit, but declined to consider it, having found independent justification for remand. Docket No. 143 at 3, n.2. The Court will address the matter in this Order to avoid any future confusion on plaintiffs' part as to the propriety of future attempts to remand the state court action.

> unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. *Id.* at 11(c)(1).

In addition, the Court, upon ordering remand, has discretion under 28 U.S.C. § 1447(c) to require a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result" of the removal. Whether an award of costs and expenses is appropriate turns on the objective reasonableness of the basis for seeking removal. *See Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).

Bank of America argues that an award of attorneys' fees is appropriate because plaintiffs lack an objectively reasonable basis for removal. Docket No. 155 at 6-7. Bank of America further notes that plaintiffs were on notice that their ground for removal was baseless because, in remanding plaintiffs' first attempted removal of the state court action, Judge Babcock informed plaintiffs that they could not remove a state court action by alleging a federal counterclaim. *Id.*; *see also Bank of America*, Case No. 11-cv-02842-LTB (Docket No. 14 at 5). Finally, Bank of America argues that Rule 11 sanctions are appropriate because plaintiffs have a history of using federal courts to delay the state court foreclosure and eviction process, and sanctions are necessary to discourage plaintiffs from further attempts to use the federal courts to delay their

unlawful detainer proceeding.  Docket No. 155 at 7.[3]

The Court agrees that plaintiffs lacked any objectively reasonable basis to remove the state court action.  The Court further finds that Judge Babcock's November 10, 2011 order summarily remanding the state court action put plaintiffs on notice that the stated ground for removal in the instant notice, jurisdiction based on plaintiffs' federal counterclaims, was improper.  Case No. 11-cv-02842-LTB (Docket No. 14 at 5) ("Except for narrow circumstances that do not appear to be present in this action, a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law.").  Bank of America has identified a troubling pattern wherein plaintiffs use the removal process to delay enforcement of orders in the state court action.  Plaintiffs have now filed two frivolous notices of removal of the state court action in this case, and Bank of America has provided evidence that each notice of removal occurred in close proximity to a key date in the state court action – the October 27, 2014 contempt hearing and the date on which Bank of America became entitled to a writ of restitution ordering plaintiffs to vacate the property.  These notices of removal have caused the Court and Bank of America to expend resources needlessly and appear to have impeded the El Paso District Court's ability to enforce its orders.  The Court has inherent power to manage the cases before it and deter frivolous and improper filings "so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an

---

[3]Plaintiffs do not specifically respond to any of Bank of America's arguments concerning sanctions, and instead point to "numerous documents" that show that Bank of America did not have standing to assert any rights to the disputed property.  *See* Docket No. 159 at 1.

opportunity to respond to the restrictive order." *Werner v. State of Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994). Here, plaintiffs have filed three improper notices of removal of the same action, at least two of which had the effect of delaying enforcement of the El Paso District Court's orders. Given plaintiffs' history of filing improper notices of removal, the Court finds that it is appropriate to order plaintiffs to show cause why they should not be prohibited from filing any further notices of removal unless such notices are filed by an attorney who represents them or unless they first seek leave from the Court and the Court grants such leave. Because this sanction is sufficient, the Court denies Bank of America's request for attorneys' fees.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Bank of America, N.A.'s Motion for Order Remanding Action to State Court [Docket No. 154] is **GRANTED**. It is further

**ORDERED** that the action plaintiffs sought to remove is remanded to the District Court for the County of El Paso, where it was filed as Case No. 11-cv-00375. It is further

**ORDERED** that defendant Bank of America, N.A.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [Docket No. 155] is **DENIED**. It is further

**ORDERED** that, on or before **5:00 p.m. on September 4, 2015,** plaintiffs Diana Sladek and Dennis Sladek shall show cause why they should not be prohibited from filing any further notices of removal of any state court action unless such notices are filed by an attorney who represents them or unless they first seek leave from the Court

and the Court grants such leave.

DATED August 25, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge