IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

## ORDER

This matter is before the Court on three motions for reconsideration filed by plaintiffs Diana and Dennis Sladek: (1) plaintiffs' Motion for Reconsideration of Order Remanding Action to State Court [Docket No. 149], (2) plaintiffs' Motion for Reconsideration of Order Dismissing Case [Docket No. 151], and (3) plaintiffs' Renewed Motion for Reconsideration of Order Dismissing Case [Docket No. 157]. In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The relevant factual background in this matter is set forth in detail in several Recommendations of United States Magistrate Judge Michael E. Hegarty, *see* Docket Nos. 94, 109, 135, and will not be recited here.

## I. ANALYSIS

Plaintiffs move for reconsideration of (1) the Court's January 28, 2015 Order granting defendant Bank of America, N.A.'s Motion for Order Remanding Action to State Court (Docket No. 143) and (2) the Court's March 10, 2015 Order granting defendants' motion to dismiss (Docket No. 147).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were

available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### A.  Remand Order

On January 28, 2015, the Court remanded two cases that originated in the District Court for the County of El Paso, Colorado, for which plaintiffs filed a Notice of Removal and sought to consolidate with this action. Docket No. 143 at 3. The Court remanded the actions on the grounds that plaintiffs' notice of removal failed to provide a "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a), and that 28 U.S.C. § 1441(b)(2) prohibits plaintiffs, who admitted that they are residents of the state of Colorado, from removing an action brought against them in a Colorado state court. Docket No. 143 at 2-3.

With respect to the Order's second finding, that plaintiffs are barred from removing an action brought against them in state court in Colorado, plaintiffs state that removal is proper pursuant to 28 U.S.C. § 1441(e). The Court finds that 28 U.S.C. § 1441(e) is inapplicable. That section involves actions that could have been brought under 28 U.S.C. § 1369, which confers federal jurisdiction over civil actions that "arise[] from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). This provision is plainly inapplicable to the two cases that plaintiffs seek to remove, which involve an unlawful detainer action initiated by the defendants in this case. Because plaintiffs have not shown any error in the Court's holding, the Court will deny their motion for reconsideration.

### B.  Order Granting Dismissal

Plaintiffs ask the Court to reconsider its order granting defendants' Motion to Dismiss on the grounds that newly-discovered evidence shows that defendant Bank of America no longer had an interest in plaintiffs' property at the time that defendant Aronowitz & Mecklenburg brought unlawful detainer actions on Bank of America's behalf.  Docket No. 151 at 2.  Plaintiffs' renewed motion seeks the same relief but recites different purportedly newly-discovered evidence.  See Docket No. 157 at 1-3.

The Court finds that, in each motion, the purportedly "new" information was available to plaintiffs at the time that plaintiffs responded to the original motion to dismiss.  In their first motion for reconsideration, plaintiffs state that the new evidence includes records from the Securities and Exchange Commission, documents from Moody's Investors Service, and an order from the El Paso County District Court that dismissed an action brought by Bank of America on the grounds that U.S. Bank was the owner of the property at issue.  Docket No. 151 at 1-2.  In their renewed motion, plaintiffs state that the new evidence includes records from the El Paso County Assessor's office concerning property taxes paid in 2011 and 2012, an Ownership and Encumbrance report showing a transfer from Bank of America to U.S. Bank dated February 16, 2012, and a letter from a representative of Bank of America to plaintiffs dated June 23, 2011, in which Bank of America represents that it was unable to identify a mortgage account in connection with the information that plaintiffs provided.  See Docket No. 157 at 4-11.  In each motion, plaintiffs fail to explain how this information – each piece of which appears to have been available to plaintiffs no later than 2012 – was unavailable when plaintiffs responded to defendants' motion to dismiss in June

2014. In the absence of any showing that these records were not available to plaintiffs when defendants filed their motion to dismiss, the Court will not reconsider its prior order.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs Diana Sladek and Dennis Sladek's Motion for Reconsideration of Order Remanding Action to State Court [Docket No. 149] is **DENIED**. It is further

**ORDERED** that plaintiffs Diana Sladek and Dennis Sladek's Motion for Reconsideration of Order Dismissing Case [Docket No. 151] is **DENIED**. It is further

**ORDERED** that plaintiffs Diana Sladek and Dennis Sladek's Renewed Motion for Reconsideration of Order Dismissing Case [Docket No. 157] is **DENIED**.

DATED August 25, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge