IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03094-PAB-MEH

DIANA SLADEK and
DENNIS SLADEK,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
ARONOWITZ & MECKLENBURG,
THOMAS MOWLE,
MERS, a division of MERSCORP, and
ROBERT ARONOWITZ, individually,

    Defendants.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge filed on November 5, 2014 [Docket No. 135] (the "Recommendation"). The magistrate judge recommends that the Court deny plaintiffs' Motion to Amend Complaint [Docket No. 130].  Plaintiffs filed a timely objection to the Recommendation. Docket No. 137.  The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when

neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The magistrate judge recommended that the Court deny plaintiffs' Motion for Leave to Amend Complaint on the grounds that amendment would be futile. Specifically, the magistrate judge found that plaintiffs' new allegations, which allege misconduct on the part of defendant Aronowitz & Mecklenburg based upon an investigation by the Colorado Attorney General's Office, do not state a plausible claim for relief for two reasons. First, the magistrate judge found that plaintiffs do not explain how they themselves were damaged and are entitled to relief for any of Aronowitz & Mecklenburg's alleged conduct. Second, the magistrate judge found that the new claims that plaintiffs assert in the amended complaint do not relate to the allegations concerning Aronowitz & Mecklenburg. *See* Docket No. 135 at 8-10. Additional relevant facts are set forth in detail in the Recommendation, *see id.* at 1-5, and will not be recited here.

Plaintiffs object that the Recommendation improperly decides the case on the merits. Docket No. 137 at 4. Plaintiffs further state that, with respect to the Recommendation's findings, upon reading of the complaint "from cover to cover," it "clearly satis[fies] any argument for failure to state a claim or failure to plead with particularity." *Id.* at 5. Defendants respond that plaintiffs' objection is not specific and

merely repeats the arguments that plaintiffs made in their motions to amend. Docket No. 138 at 5. The Court agrees with defendants. Plaintiffs do not point to any specific error with the Recommendation's findings, and instead direct the Court to read the complaint "from cover to cover." Docket No. 137 at 5. Plaintiffs' objections do not identify any allegation in the proposed amended complaint where plaintiffs claim personal injury due to the new allegations concerning Aronowitz & Mecklenburg's conduct and do not explain how these new allegations relate to the amended complaint's new claims. *See id.* at 5-6. Plaintiffs' objection is therefore not specific enough to enable the Court "to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute," *2121 East 30th Street*, 73 F.3d at 1059, and is not properly before the Court. In the absence of a proper objection, the Court has reviewed the Recommendation and is satisfied that there is "no clear error on the face of the record"[1] with respect to the Recommendation's findings. Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 135] is **ACCEPTED**. It is further

**ORDERED** that plaintiffs Diana Sladek and Dennis Sladek's Motion to Amend Complaint [Docket No. 130] is **DENIED**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

their costs by filing a bill of costs with the Clerk of the Court.  It is further

> **ORDERED** that this case is dismissed in its entirety.

DATED August 25, 2015.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge